Chief Justice Robertson
delivered the opinion of the Court.
Samuel Havs presented to the judge of the circuit court of Fayette, a fee hill, purporting to have been issued against the said Hays by James C. Rodes, as the clerk of the county court of said county.
The record states, that the “ parties appeared,” and that thereupon the court, having decided that there was one illegal charge, quashed the fee bill and gave judgment against Rodes for restitution of the whole amount of the fee bill and for one dollar as a penalty.
The jurisdiction of the circuit judge is now objected to ; and that is the only point which we shall consider.
If the judge had jurisdiction, it must he derived from the sixth section of the statute published in I Digest, 563.
That section authorizes the circuit judge of the county in which the person resides who shall have payed the amount of an erroneous or illegal fee bill, issued by a clerk, to inspect the fee bill, and (without any notice to the clerk) to quash it if it contain any improper item, and to give judgment for the whole amount of the fee bill and for a line against the clerk. It also declares, that the person holding the fee bill shall not be liable for any costs, though lie shall fail in his application, and that, if he shall obtain a judgment against the clerk, the execution to be issued thereon shall be endorsed — u JVo security of any kind shall be taken.”
This is, at, least, a harsh and extraordinary enactment ; and, therefore, if it should be enforced at all, it should derive no aid from intendment or ordinary presumption. The power of the circuit judge should not be presunied or inferred, but should be clearly shewn by the record of his judgment.
And, therefore, if the clerk appear ami make no objection to the jurisdiction, a judge in any other eounly than that in which the applicant resides, could not enforce any judgment against him.
On a motion to quash illegal fee bill of a clerk, consent cannot give jurisdiction.
And an appearance by the clerk does not dispense with the proof of all the facts necessary to sustain the jurisdiction of the
Jtfayes, Wickliffe and Wooley, for plaintiff; Cowan and Jtlaggin, for defendant.
The jurisdiction is limited and local. It eannot be delegated or waived by the act of the clerk; and, . consequently, if he should appear and make no objection to the jurisdiction, a judge in any other county than that in which the applicant resides could not enforce any judgment against him. . Indeed, the statute does not seem to contemplate any litigation, and provides only for an anomalous and ex parte judgment.
Nor will this court, in such a case, presume, from the clerk’s appearance, that lie admitted that Hays lived in Fayette county. If there had been no appearance, this court could not have sustained the jurisdiction of the circuit judge by presuming that Hays’ residence in Fayette had been proved. The jurisdiction could not have been inferred, but should have beeh shewn clearly and expressly by the record itself. Tevis vs. Craig et al. VI Mon. 7.
Though this court, in the case of Tevis vs. Craig et'al., waived a consideration of the effect of an appearance on the question of jurisdiction, it seems to us that the principle recognised and applied in that case applies as well to a case in which there shall have been an appearance as to one in which there had been no appearance; because this is a class of cases in which consent cannot give jurisdiction, and there is no more reason for inferring that facts indispensable to the jurisdiction'had been proved in a case in which there had been an appearance than in one in one in which there had been none.
As the record does not shew that Hays resided in Fayette, this court cannot sustain the jurisdiction of the circuit judge of that county.
Wherefore, the judgment is reversed.